Island Life Chiropractic, P.C., as Assignee of Reid, Winston Jr., Respondent,
against
State Farm Mutual Automobile Ins. Co., Appellant.




Rivkin Radler, LLP (Stuart M. Bodoff of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Harriet L. Thompson, J.), entered December 16, 2015. The order, insofar as appealed from and as limited by the brief, denied defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to appear for duly scheduled examinations under oath (EUOs), and plaintiff cross-moved for summary judgment. By order entered December 16, 2015, the Civil Court denied defendant's motion, but, insofar as is relevant here, found, in effect pursuant to CPLR 3212 (g), that defendant had established the timely and proper mailing of the EUO scheduling letters and the denial of claim forms, as well as plaintiff's failure to appear for the EUOs. The Civil Court further found that the only remaining issue for trial was "Defendant's practices and procedures regarding its receipt of mail in Atlanta, Georgia." Defendant appeals, contending that it was entitled to summary judgment dismissing the complaint.
To establish its prima facie entitlement to summary judgment dismissing a complaint on the ground that a provider had failed to appear for an EUO, an insurer must demonstrate, as a matter of law, that it had twice duly demanded an EUO from the provider, that the provider had [*2]twice failed to appear, and that the insurer had issued a timely denial of the claims (see Interboro Ins. Co. v Clennon, 113 AD3d 596, 597 [2014]; Integrative Pain Medicine, P.C. v Praetorian Ins. Co., 53 Misc 3d 140[A], 2016 NY Slip Op 51520[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). Plaintiff does not challenge that defendant demonstrated its prima facie entitlement to summary judgment, but rather argues that plaintiff raised a triable issue of fact in opposition. However, as plaintiff's argument lacks merit, the Civil Court should have granted defendant's motion for summary judgment. We further note that defendant's transmittal of the claims from one of its offices to another of its offices does not raise a triable issue of fact (see Maiga Prods. Corp. v State Farm Mut. Auto. Ins. Co., 59 Misc 3d 145[A], 2018 NY Slip Op 50736[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
Accordingly, the order, insofar as appealed from, is reversed and defendant's motion for summary judgment dismissing the complaint is granted.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 02, 2018